UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIVONIA PROPERTY HOLDINGS, L.L.C.,

    Plaintiff,

                                   Civil No. 10-11589
                                   Hon. John Feikens

    v.

12840-12976 FARMINGTON ROAD
HOLDINGS, L.L.C.,

    Defendant.

_____

**ORDER GRANTING PLAINTIFF'S MOTION
FOR IMMEDIATE CONSIDERATION [Dkt. 33] AND
DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF QUESTION
TO THE MICHIGAN SUPREME COURT OR ALTERNATIVELY FOR
CERTIFICATION FOR IMMEDIATE APPEAL AND MOTION FOR STAY [Dkt. 32]**

      Plaintiff has asked that this Court immediately consider two motions: Plaintiff's Motion for Reconsideration of the Court's Opinion and Order Denying Plaintiff's Motion for Preliminary Injunction And Dissolving Temporary Restraining Order (Dkt. 30) and Plaintiff's Motion for Certification of Question to the Michigan Supreme Court Pursuant to M.C.R. 7.305(B) or Alternatively For Certification For Immediate Appeal Pursuant to 28 U.S.C. § 1292(b) and Motion for Stay. (Dkt. 33.) Specifically, Plaintiff asks that this Court issue decisions on these orders prior to a foreclosure sale scheduled to occur on June 16, 2010. Plaintiff's Motion for Immediate Consideration is GRANTED.

      Plaintiff requests that I certify two questions to the Michigan Supreme Court pursuant to M.C.R. 7.305(B). As Judge Steeh explained,

> This court may certify an issue to the Michigan Supreme Court for resolution of a question of Michigan law not controlled by Michigan Supreme Court precedent.

> Certification of an unresolved issue [by] a state supreme court is not obligatory, but instead lies within the federal court's discretion.

*Pack v. Damon Corp.*, No. 03-73601, 2006 WL 1109100 at *1 (E.D. Mich. Apr. 25, 2006).

At this stage in the proceedings, this Court *only* has ruled on whether it is appropriate to issue a preliminary injunction preventing Defendant from foreclosing by advertisement. As discussed in my original Order denying that injunction (Dkt. 24) and in my Order entered today denying Plaintiff's motion for reconsideration of the original Order, I denied the injunction because Plaintiff failed to establish a likelihood of success on the merits and *also* failed to establish a likelihood of irreparable harm. The questions Plaintiff now seeks to resolve would address only the first of those reasons, but would not remedy Plaintiff's failure to demonstrate irreparable harm and thus would not alter the outcome of my earlier decisions or justify the imposition of a injunction in this case. Under these circumstances, and because Plaintiff has recourse though interlocutory appeal to the Sixth Circuit as discussed below, I am not persuaded that certification to the Michigan Supreme Court is necessary or appropriate at this time.

Next, Plaintiff requests certification of appeal to the Sixth Circuit pursuant to 28 U.S.C. § 1292(b) of my Order denying a preliminary injunction and my denial of reconsideration of that Order. Because Plaintiff may directly appeal a denial of an injunction pursuant to 28 U.S.C. § 1292(a)(1) (authorizing appeal of "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions"), the requested certification is unnecessary.

Finally, Plaintiff requests that I enter a stay of these proceedings pending its appeal. Because I have declined to enter a preliminary injunction, however, a stay would operate to delay proceedings with respect to Plaintiff's underlying Complaint, but would not serve to enjoin

Defendant from proceeding with its foreclosure by advertisement (which, as Plaintiff notes, is not a judicial proceeding before this Court or any other). And, as I have repeatedly explained, because Plaintiff has not demonstrated a likelihood of success on its claims or irreparable harm likely to occur if the foreclosure by advertisement proceeds, I *again* decline to enter an injunction preventing that foreclosure or otherwise stay these proceedings.

Plaintiff's Motion for Immediate Consideration (Dkt. 33) is GRANTED; and

Plaintiff's Motion for Certification of Questions and for a Stay (Dkt. 32) is DENIED.

**IT IS SO ORDERED.**

Date:   June 14, 2010                             s/ John Feikens
                                                  John Feikens
                                                  United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on June 14, 2010, by U.S. first class mail or electronic means.

                        s/Carol Greyerbiehl
                        Deputy Clerk